MICHAEL M. GLESS, CASB No. 37935
michael.gless@kyl.com
EVELYN C. BEST, CASB No. 230986
evelyn.best@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

FILED

2010 NOV 12 PM 2:53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ____________

Attorneys for Defendants
NATIONAL FINANCIAL SERVICES, LLC[1];
FIDELITY INVESTMENTS; and
FIDELITY BROKERAGE SERVICES LLC[2]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROSE S. WOOLF, an individual,

Plaintiff,

vs.

NATIONAL FINANCIAL SERVICES, LLC; FIDELITY INVESTMENTS; FIDELITY BROKERAGE SERVICES; DOES 1 through 10, INCLUSIVE,

Defendants.

Case No. CV 10 8664-MRP (MANx)

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE PLAINTIFF ROSE S. WOOLF AND HER ATTORNEYS OF**

---

[1] Fidelity Investments is a trade name, is not a duly organized business entity, and has no subsidiaries or affiliates.

[2] Erroneously sued as FIDELITY BROKERAGE SERVICES.



KYL_LB1356130

**RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants National Financial Services, LLC, Fidelity Investments, and Fidelity Brokerage Services LLC ("Defendants") hereby remove the above-captioned action from the California Superior Court in and for the County of Los Angeles, to the United States District Court, Central District of California

## PROCEDURAL BACKGROUND

1. A Summons and First Amended Complaint (of which a true and correct copy is attached hereto as Exhibit "A") were served on Defendants on or about October 14, 2010, by Plaintiff, Rose S. Woolf (hereinafter "Ms. Woolf" or "Plaintiff"), in an action entitled "ROSE S. WOOLF v. NATIONAL FINANCIAL SERVICES, LLC, et al., Docket No. SC 108684." No further proceedings have been held therein.

2. This Court has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of and resides in the State of California. Defendants are organized under the laws of the state of Delaware with principal places of business in Boston, Massachusetts, and their sole member is incorporated in Massachusetts with a principal place of business in Boston, Massachusetts. In addition, Plaintiff seeks damages in the amount of $207,661, exclusive of interest and costs, in excess of the jurisdictional minimum of $75,000, as set forth in 28 U.S.C. § 1332(a).

3. As set forth above, this Notice of Removal was filed within thirty (30) days of Defendants' receipt of a copy of the initial pleading setting forth the claims for relief upon which the above-described action is based.

4. Venue lies in the United States District Court for the Central District of California because the state-court action was filed in this

district. 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendants pray that the State Court Action be removed from the California Superior Court in and for the County of Los Angeles to the United States District Court, Central District of California.

DATED: November 12, 2010

MICHAEL M. GLESS
EVELYN C. BEST
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
NATIONAL FINANCIAL SERVICES, LLC; FIDELITY INVESTMENTS; and FIDELITY BROKERAGE SERVICES LLC

# EXHIBIT A

SUM-100

# SUMMONS - on First Amended Complaint
# (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

National Financial Services, LLC; Fidelity Investments; Fidelity Brokerage Services; Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ROSE S. WOOLF, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*
SC 108684

SUPERIOR COURT, COUNTY OF LOS ANGELES
1725 Main Street, Santa Monica, CA 90401 (West District)

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Clinco - SB# 35585 821 Appelby St., Venice, CA 90291 (310) 396-6251

DATE: 10-14-10
*(Fecha)*

Clerk, by
*(Secretario)* ______________________ , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: NATIONAL FINANCIAL SERVICES, LLC

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify)*: Limited Liability Company

4. ☐ by personal delivery on *(date)*: OCT 14, 2010

SUM-100

# SUMMONS -on First Amended Complaint
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

National Financial Services, LLC; Fidelity Investments; Fidelity Brokerage Services; Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ROSE S. WOOLF, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* SC 108684

SUPERIOR COURT, COUNTY OF LOS ANGELES
1725 Main Street, Santa Monica, CA 90401 (West District)

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Clinco - SB# 35585 821 Appelby St., Venice, CA 90291 (310) 396-6251

DATE: 10-14-10 *(Fecha)* Clerk, by *(Secretario)* ____________, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: FIDELITY INVESTMENTS

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify)*: 415.95 Business organization, form unknown

4. ☐ by personal delivery on *(date)*: Oct 14, 2010

SUM-100

# SUMMONS -on First Amended Complaint
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

National Financial Services, LLC; Fidelity Investments; Fidelity Brokerage Services; Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ROSE S. WOOLF, An individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* SC 108684

SUPERIOR COURT, COUNTY OF LOS ANGELES
1725 Main Street, Santa Monica, CA 90401 (West District)

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Clinco - SB# 35585 821 Appelby St., Venice, CA 90291 (310) 396-6251

DATE: *(Fecha)* 10-14-10 Clerk, by *(Secretario)* ____________, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Robert A. Clinco SB# 35585
821 Appelby Street
Venice, CA 90291
(310) 396-6251 Voice, (310) 564-2027 FAX
e-mail: Robert@ClincoLaw.com

Attorney for Plaintiff, Rose S. Woolf

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ROSE S. WOOLF, an individual, Plaintiff | Case No. SC 108684 |
| v. | FIRST AMENDED COMPLAINT FOR DAMAGES (Unlimited Jurisdiction) |
| NATIONAL FINANCIAL SERVICES, LLC<br>FIDELITY INVESTMENTS<br>FIDELITY BROKERAGE SERVICES<br>DOES 1 through 10, inclusive<br>Defendants | |

Plaintiff, ROSE S. WOOLF, alleges:

GENERAL ALLEGATIONS

1. Plaintiff, ROSE S. WOOLF, age 92, is a resident of the County of Los Angeles, State of California and the widow of LEONARD WOOLF, deceased. Pursuant to California law, Plaintiff is legally an "elder" and entitled to certain benefits, as a matter of law, based on her status as an "elder".

2. Plaintiff is informed and believes that Defendant, NATIONAL FINANCIAL SERVICES, LLC, is a limited liability company, organized and existing pursuant to the laws of one of the states of the United States of America and doing business in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant, FIDELITY INVESTMENTS, is business entity, the exact nature of which and its location of formation unknown at this time, which is organized and existing pursuant to the laws of one of the states of the United States of America and doing business in the County of Los Angeles, State of California, with offices in the West District of the County of Los Angeles.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant, FIDELITY BROKERAGE SERVICES, is business entity, the exact nature of which and its location of formation unknown at this time, which is organized and existing pursuant to the laws of one of the states of the United States of America and doing business in the County of Los Angeles, State of California.

5. The identities of Defendants, DOES 1 through 10, inclusive, together with their legal character, whether individual, associate, partnership, joint venture, corporate, LLC, trust, or otherwise, are unknown to Plaintiff at this time and Plaintiff therefore sues said Defendants by their fictitious names and characters and will ask leave of court to amend this complaint to set forth the true names and characters when the same are determined.

6. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants herein is the principal or agent, master or servant, or stands in like relationship to the other defendants herein, that each defendant, in doing the things alleged herein, was at all times acting within the course and scope of the relationship therein created and maintained, and that each of the defendants is, therefore, liable for each and every action of all of the other defendants.

FACTUAL ALLEGATIONS

7. Prior to March 9, 2006, decedent, Leonard Woolf, acting from his home in West Los Angeles, entered into a contractual relationship with defendants, and each of them, pursuant to which an IRA account was established, number 114-296350, and which at the time of his death on March 9, 2006, was in the amount of $489,921. Plaintiff, ROSE S. WOOLF, as the wife of decedent, was the beneficiary of the IRA number 114-296350.

8. Prior to March 9, 2006, plaintiff ROSE S. WOOLF, acting from her home in West Los Angeles, entered into a contractual relationship with defendants, and each of them, pursuant to which an IRA account was established in her name, number 2BY-923451, which was in effect on the date of death of decedent, Leonard Woolf.

9. On approximately December 1, 2006, prior to notice to Defendants of the death Leonard Woolf, the balance of the IRA account for Rose Woolf was $11,707.18. By December 31, 2006, after notification of the death of Leonard Woolf to Defendants, the balance of the IRA account for Rose Woolf was $457,371.71 as a result of the transfer, by Defendants, of the balance of the Leonard Woolf IRA into the Rose S. Woolf IRA.

10. Plaintiff is informed and believes and based thereon alleges that Fidelity was notified of the death of Leonard Woolf in, on December 7, 2006, and commenced transfer of the assets of decedent's IRA to plaintiff's IRA.

11. Following the transfer to the Rose Woolf IRA, Defendants commenced, or continued, transfer from the Rose Woolf IRA to Rose Woolf individually, at a rate of transfer in excess of the transfer required by law, thereby increasing the income received by Rose Woolf and increasing her tax, both federal and state, in accordance with the amounts transferred, all of which transfer and distribution, both as to the timing and amounts, were determined solely by defendants.

12. The transfer from the Rose Woolf IRA to Rose Woolf was made by defendants,

entirely without consultation with plaintiff as to either timing or amount, without any consultation with plaintiff concerning the tax implication of the transfers to Rose Woolf in the amounts actually made which were in excess of the minimum requirements of law.

13. Plaintiff is informed and believes and based thereon alleges that Defendant, Fidelity, claims to have received instructions from Plaintiff to distribute the fund pursuant to a Personal Withdrawal Service Plan in 1988, calling for the distribution of funds over a period with the final distribution in 2008, and that the actual distribution was made based on the instructions alleged to have been received approximately eighteen (18) years earlier, without determining whether, based on a change of circumstances, including the tax consequences, that the eighteen year old distribution plan was still appropriate, or desired by plaintiff.

14. During the eighteen years between the time the IRA accounts were established and the distribution in 2006, plaintiff is informed and believes, and therefore alleges, that the amount of the Leonard Woolf IRA had increased substantially to the point where the balance, when distributed to the IRA for Rose Woolf after the death of Leonard Woolf was $475,291.87.

15. At the time of the transfer from the Leonard Woolf IRA to the Rose Woolf IRA, Plaintiff had no knowledge of any instructions given to Defendant eighteen years earlier.

16. At the time the transfers alleged were made from the Rose Woolf IRA to Rose Woolf individually, Plaintiff did not require distribution of excess amounts from her IRA for her support, maintenance, or any other reason.

17. Commencing in December 2006, defendants transferred from plaintiff's IRA to Plaintiff the sum of $45,103, followed by additional monthly transfers ranging between $24,000 and $41,613 during 2007, for a total distribution in 2007 of $317,370, and between January and September of 2008, made monthly transfers ranging between $12,180 and $26,200, for a total distribution in 2008 of $174,621.76, with the result that by September 2008, the entire balance of the Plaintiff's IRA, in the sum of $522,125 had been distributed to plaintiff individually.

18. Plaintiff is informed and believes and thereon alleges that the minimum distribution required under IRS regulations was $872 for 2006, resulting in an excess distribution of $29,262.

19. When the distribution to Plaintiff was received by Plaintiff from Defendant, Plaintiff's agent contacted Fidelity, by telephone, to determine the reason that such a large check was received and the agent was told that the distribution was made in accordance with the requirements, established by law, for the distribution.

20. Plaintiff is informed and believes and thereon alleges that the minimum distribution required under IRS regulations was $25,551 for 2007, resulting in an excess distribution of $291,819.

21. Plaintiff is informed and believes and thereon alleges that the minimum distribution required under IRS regulations was $11,474 for 2008, resulting in an excess distribution of $163,147.

22. Plaintiff is informed and believes and thereon alleges, that as a result of the excessive distribution in 2006, Plaintiff incurred a federal tax liability of $8,845 and a California State tax liability of $12,481, for a total of $21,326, which would not have occurred if Fidelity had contacted Plaintiff in 2006 to determine whether the eighteen year old instructions were still appropriate.

23. Plaintiff is informed and believes and thereon alleges, that as a result of the excessive distribution in 2007, Plaintiff incurred a federal tax liability of $93,594 and a California State tax liability of $28,482, for a total of $122,076, which would not have occurred if Fidelity had contacted Plaintiff in 2006 to determine whether the eighteen year old instructions were still appropriate.

24. Plaintiff is informed and believes and thereon alleges, that as a result of the excessive distribution in 2008, Plaintiff incurred a federal tax liability of $49,887 and a

California State tax liability of $14,372, for a total of $64,259, which would not have occurred if Fidelity had contacted Plaintiff in 2006 to determine whether the eighteen year old instructions were still appropriate, either in the first instance or after the contact by Plaintiff's agent.

25. As a result of the distribution by Defendant, Fidelity, over the three year period between 2006 and 2008, Plaintiff incurred federal and state tax liabilities in the sum of $207,661 which she would not have incurred had she been advised of the tax consequences of the distribution which Fidelity intended to make.

26. Plaintiff is informed and believes and thereon alleges that Defendant, Fidelity, holds itself out as an expert in tax related matters and advises it clients on such matters as they affect the accounts held by the clients with Fidelity.

27. Plaintiff is informed and believes and thereon alleges that Defendant, Fidelity, as a fiduciary to Plaintiff, and an expert that holds itself out to advising clients on tax related matters involving the accounts held by Fidelity, had a fiduciary duty to determine whether, in light of the substantial tax consequences, the distribution should follow the eighteen year old instruction or a new instruction from Plaintiff should be sought.

28. As a result of the distribution made in accordance with the eighteen year old instruction, and because Defendant did not disclose the consequences of that distribution, Plaintiff's the tax liabilities resulted in additional interest and penalty payments to both state and federal tax authorities, in a sum not yet determined. all to the detriment of the Plaintiff.

## FIRST CAUSE OF ACTION

(All Defendants – Breach of Contract)

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 of the General and Factual Allegations as though set forth herein in full.

30. Plaintiff has performed all conditions, covenants and promises required of her on her part to be performed, in accordance with the terms and conditions of the contract.

31. Defendant breached the contract as alleged herein by making distributions to Plaintiff in excess of those required by law, thereby increasing the tax liability of Plaintiff, all to her detriment in an amount of not less than $207,661.

SECOND CAUSE OF ACTION

(All Defendants – Breach of Fiduciary Duty)

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 of the General and Factual Allegations as though set forth herein in full.

33. The contract entered into between Plaintiff and Defendants created an agency relationship in which Plaintiff was the principal and Defendants were the agents for the purpose of managing Plaintiff's investments and accounts to her advantage and as required by law.

34. As a result of the agency relationship, Defendant entered into a fiduciary relationship with Plaintiff pursuant to which Defendants were required to manage her investments and accounts with the highest level of care.

35. As alleged, Defendants violated the agency and fiduciary relationship so created by failing to manage Plaintiff's investments and accounts to her advantage and as required by law and taking actions which resulted in tax liabilities which Plaintiff was required to pay, over and above those which would have been incurred had Defendant acted correctly, as alleged, all to her detriment in a sum of not less than $207,661.

THIRD CAUSE OF ACTION

(All Defendants – Financial Elder Abuse)

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 of the General and Factual Allegations as though set forth herein in full.

37. "Financial abuse" of an elder occurs when a person or entity takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, personal property of an elder by undue influence, as defined in Section 1575 of the

Civil Code.

38. A person or entity shall be deemed to have taken property for a wrongful use if, among other things, the person or entity takes the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder.

39. For purposes of this section, a person or entity takes personal property when an elder is deprived of any property right, by means of an agreement.

40. The breach by Defendants of their duty to Plaintiff, as an elder, constitutes an act of financial elder abuse because their actions resulted in the loss of a portion of the value of Plaintiff's property by making distributions that they knew, or should have known, increased Plaintiff's tax liabilities beyond that liability which Plaintiff would have been subjected to had the distributions been in accordance with the minimum required by law.

41. As a result of the elder abuse, Plaintiff has been damaged in an amount not less than $207,661.

42. On proof of financial elder abuse, Plaintiff is entitled to an award of attorneys fees and costs pursuant to section 15657 of the California Welfare and Institutions Code.

FOURTH CAUSE OF ACTION

(All Defendants – Negligence)

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 of the General and Factual Allegations as though set forth herein in full.

44. At all times herein, Defendants had a duty to use the skill, prudence, and diligence commonly exercised by practitioners of investment brokers and, with its additional claim to tax specialization, meet the standards of knowledge and skill of such specialists who advise clients with regard to tax consequences involved regarding Plaintiff's the investments and accounts.

45. By failing to handle Plaintiff's investments and accounts with reasonable care as alleged herein, and make distributions to her that exceeded her needs and incurred tax liabilities

which resulted in a diminution of Plaintiff's assets, Defendants breached their fiduty to Plaintiff and caused her damages in a sum of not less than $207,661.

46. The breach by Defendants of their duty to Plaintiff constitutes a negligent act for which Defendants are liable to Plaintiff for all damages proximately caused thereby.

FIFTH CAUSE OF ACTION

(All Defendants – Fraud)

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 of the General and Factual Allegations as though set forth herein in full.

48. The duty of a fiduciary embraces the obligation to render a full, fair, complete disclosure to the beneficiary of all facts which materially affect his rights and interests.

49. Failure to satisfy the duty to make a full, fair, complete disclosure that results in any material concealment or misrepresentation constitutes fraud.

50. In a fiduciary relationship, the affirmative obligation to make full disclosure and the failure to do so constitutes the equivalent of an active misrepresentation.

51. At the time Plaintiff entered into the agreements with Defendants pursuant to which they assumed that duty to manage Plaintiff's investments and accounts to her advantage, Defendants entered into a fiduciary relationship with Plaintiff pursuant to which they were required to know and follow all laws and regulations regarding the investment and distribution of assets to the Plaintiff resulting from their management of those assets and disclose to Plaintiff all facts which materially affect her rights and interests.

52. The failure by Defendants to inform Plaintiff of the tax consequences of the distribution of the funds in accordance with an eighteen year old instruction, ignored the change of circumstances and effect of following such an instruction which, if its contents and effect had been known, would have been modified to minimize the tax repercussions resulting from said instruction.

53. When inquiry was made by Plaintiff's agent following the first distribution with regard to the amount, Defendants misrepresented that the requirements of law required this size distribution and that the amount of the distribution was calculated and made in accordance with the requirements of law.

54. Defendant's representation to Plaintiff's agent regarding the amount of the distributions to be made as being required by law was made with the intent to cause reliance on this representation and Plaintiff, in reliance on Defendant's representation, relied thereon without further investigation of the requirements of law as applied to the required amount of the distributions.

55. The failure by Defendants to provide full, fair, and complete disclosure of the effects of the distribution, before it was made, and concealing the effects of the distribution as it was made, constitutes a breach of the fiduciary duty owed to Plaintiff, resulting in the fraud acted on her interests.

56. Plaintiff reasonably relied upon the fiduciary obligation which was owed to Plaintiff by Defendants as a result of the agreement with Defendants which caused them to be responsible for the management of Plaintiff's investments and accounts.

57. Plaintiff, at age 92, was ignorant of the instruction given eighteen years earlier for the distribution of the funds in the IRA account and the tax consequences of such instructions.

58. Defendant's concealment of the tax consequencces of the distribution by Defendant caused her to remain ignorant of the impropriety of the distributions to her which increased her tax liability beyond that which was appropriate if the distributions had been made after a full, fair and complete disclosure by Defendant of those consequences.

59. Plaintiff accepted the distribution of the assets to her without knowing that the distribution, and acceptance of the distribution increased her tax liability beyond that which would have been approved by her if the consequences had been disclosed before the distribution.

60. In accepting the distribution, Plaintiff relied upon the fiduciary relationship with the Defendants and their representations that they knew the laws and proper procedures and would act in accordance with them in making any distributions to Plaintiff so that the distributions would not cause Plaintiff to incur unnecessary and improper tax liabilities.

61. In accepting the distribution, Plaintiff relied upon the specific advice of Defendant, to her agent, that the distribution was required by law and calculated in accordance with the requirement of law.

62. By failing to properly disclose to Plaintiff the true tax consequences of the distribution which Defendant was going to make, and by misinforming her agent that the distribution was being made in accordance with the requirements of law, and made, in a manner that did not allow her to determine whether such a distribution was necessary or advantageous to her, and failing to disclose that the actual required distribution would have been to Plaintiff's advantage, Defendants caused a diminution of Plaintiff's assets to her damage in an amount of the excess tax liability in the sum of $207,661.

SIXTH CAUSE OF ACTION

(All Defendants – Unfair Business Practices)

63. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 of the General and Factual Allegations as though set forth herein in full.

64. The actions alleged to have been committed by Defendants constitute unfair competition as defined in Business and Professions Code section 17200 as being unlawful, unfair, or fraudulent business practices.

65. Pursuant to Business and Professions Code section 17082, Plaintiff is entitled to recover three times the amount of the actual damages sustained by the Plaintiff.

//////

//////

66. In any action brought for unfair business practices under the provisions of Business and Professions, pursuant to Business and Professions code section 17082, in addition to other damages, Plaintiff is entitled to receive reasonable attorneys fees and costs of suit.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For the amount of the increased tax liability in the sum of $207,661;
2. For the amount of the penalties and interest incurred by Plaintiff;
3. For treble damages as alleged herein;
4. For reasonable attorneys fees as alleged herein;
5. For costs of suit incurred;
6. For such other and additional damages as the court deems just and proper.

Dated: October 13, 2010

Robert A. Clinco, Attorney for Plaintiff
Rose S. Woolf

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California 90801-1730.

On November 12, 2010, I served the foregoing documents described as **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Robert A. Clinco, Esq.
821 Appelby Street
Venice, CA 90291

☒ BY U.S. MAIL: I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

☐ I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Long Beach, California.

Executed on November 12, 2010 at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Janis A. Lucian

JANIS A. LUCIAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV10- 8664 MRP (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT C(  .T, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**a) PLAINTIFFS** (Check box if you are representing yourself [ ])

OSE S. WOOLF, an individual

**DEFENDANTS**

NATIONAL FINANCIAL SERVICES, LLC; FIDELITY INVESTMENTS; FIDELITY BROKERAGE SERVICES; DOES 1 THROUGH 10 INCLUSIVE

**b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Robert A. Clinco, Esq.
321 Appleby Street
Venice, CA 90291
310) 396-6251

Attorneys (If Known)

Michael M. Gless, Esq.
Evelyn C. Best, Esq.
Keesal, Young & Logan
400 Oceangate, P.O. Box 1730
Long Beach, CA 90801-1730
(562) 436-2000

**BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**'. ORIGIN** (Place an X in one box only.)

[ ] 1 Original Proceeding  [X] 2 Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from another district (specify):  [ ] 6 Multi-District Litigation  [ ] 7 Appeal to District Judge from Magistrate Judge

**REQUESTED IN COMPLAINT: JURY DEMAND:** [ ] Yes [X] No (Check 'Yes' only if demanded in complaint.)

**LASS ACTION under F.R.C.P. 23:** [ ] Yes [X] No    [X] **MONEY DEMANDED IN COMPLAINT: $** 207,661

**I. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

'each of contract, breach of fiduciary duty, financial elder abuse, negligence, fraud, unfair business practices relating to Plaintiff's IRA count distribution which resulted in tax obligations which Plaintiff alleges Defendants had a duty to discuss with Plaintiff and allegedly iled to do so.

**II. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Act
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Info. Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpractice
- [ ] 365 Personal Injury-Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus-Alien Detainee
- [ ] 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- [X] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 American with Disabilities - Employment
- [ ] 446 American with Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus/ Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/ PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

CV 10 8664

**OR OFFICE USE ONLY:** Case Number: ______________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT C ꞉T, CENTRAL DISTRICT OF CALIFORN...

CIVIL COVER SHEET

III(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

yes, list case number(s): ______

III(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

yes, list case number(s): ______

ivil cases are deemed related if a previously filed case and the present case:

:heck all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**(. VENUE:** (When completing the following information, use an additional sheet if necessary.)

) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

)) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Massachusetts |

:) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

**lote**: In land condemnation cases, use the location of the tract of land involved

:. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** November 12, 2010

Evelyn C. Best

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

(ey to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |